979 So.2d 358 (2008)
Gary L. CALAHAN, Appellant,
v.
Heidi CALAHAN, Appellee.
No. 5D07-456.
District Court of Appeal of Florida, Fifth District.
April 11, 2008.
Bryan S. Gowdy and John S. Mills of Mills & Creed, P.A., Jacksonville, for Appellant.
Neal L. Betancourt of Rotchford & Betancourt, P.A., Jacksonville, for Appellee.
*359 PER CURIAM.
After the magistrate recommended that Appellant's child support and alimony obligations be reduced, based on a change of circumstances, the circuit court rejected the magistrate's recommended order. Appellant challenges the order of the circuit court.
It is without dispute that Appellant's income materially changed for the worse after the final judgment was entered. What is disputed is whether the reduction in income was contemplated by the parties at the time Appellant executed the marital settlement agreement that was incorporated into the final judgment. The magistrate failed to make a finding on this linchpin issue. Upon reviewing the record, the circuit court concluded that the evidence indisputably compels the conclusion that the change was contemplated. Based on that conclusion, the circuit court entered judgment for Appellee.
On appeal, Appellant argues that the magistrate implicitly addressed the factual issue of whether the change was contemplated, and the circuit court improperly substituted its factual finding for that of the magistrate. See Anderson v. Anderson, 736 So.2d 49, 50-51 (Fla. 5th DCA 1999) (when reviewing magistrate's recommended order, circuit court may not make independent factual findings). Appellee argues that the issue was not addressed by the magistrate and the circuit court acted properly because the fact is not disputed in the record. We disagree with both arguments. We think that the magistrate failed to make a finding on this point. Further, our reading of the record leads us to conclude that the record evidence is in conflict on this issue and would support a finding either way. In light of our conclusion, the parties agree that the appropriate disposition is to remand this case to the circuit court with instructions that it remand it to the magistrate to make a factual finding on this disputed issue.
REVERSED AND REMANDED.
ORFINGER, TORPY and LAWSON, JJ., concur.